**F.W. INDUSTRIES, INC., Appellant,**

v.

**Stewart McKEEHAN, Appellee.**

No. 11–04–00053–CV.

Court of Appeals of Texas,
Eastland.

July 14, 2005.

Jamie T. Wall, Wiley F. James III, James, Goldman & Haugland, P.C., El Paso, for appellant.

Alison H. Moore, Shawn Phelan, John Sepehri, Thompson Coe Cousins & Irons, Dallas, Wade C. Crosnoe, Thompson Coe Cousins & Irons, L.L.P., Austin, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

TERRY McCALL, Justice.

This is a legal malpractice case. F.W. Industries, Inc., sued its former lawyer, Stewart McKeehan. McKeehan represented F.W. in a state court collection suit against Permian Producers, Inc. While the collection suit was pending, Permian filed for bankruptcy. Later, the state court dismissed F.W.'s collection suit against Permian for want of prosecution. F.W. brought this action, alleging that McKeehan committed negligence during his representation of it in the state court suit and that the negligence proximately caused it to sustain damages. After the deadline for F.W. to designate expert witnesses passed, McKeehan filed a no-evidence motion for summary judgment. In part, he asserted that there was no evidence that his alleged negligence proximately caused damage to F.W. The trial court granted McKeehan's motion for summary judgment. Because F.W. did not present any expert evidence on the causation issue, we affirm the judgment of the trial court.

### Background

Permian owed F.W. $225,679.50 for the sale of goods and services. F.W. took the position that Permian defaulted on the account on or about July 1, 1998. F.W. obtained $148,000.00 in funds belonging to Permian and applied it as a setoff against the $225,679.50. Thus, F.W. claimed that Permian owed it the amount of $77,679.50.

F.W. hired McKeehan to represent it in the collection matter against Permian. McKeehan filed suit on F.W.'s behalf seeking to collect the sum of $77,679.50, plus interest and attorney's fees. On September 20, 1999, the trial court entered a partial summary judgment finding that Permian was liable to F.W. "for the principal amount of the account sued on by [F.W.], less a credit, if any, for a backhoe given to [F.W.] by [Permian]." The trial court set the credit issue for hearing on October 19, 1999. On September 29, 1999, Permian filed for chapter 11 bankruptcy protection in the Western District of Texas. While the bankruptcy suit was pending, the trial court in F.W.'s state court suit against Permian dismissed the action without prejudice.

In the bankruptcy proceeding, the representative of Permian's bankruptcy estate and the committee of its unsecured creditors asserted that the transaction resulting in F.W. receiving the $148,000.00 belonging to Permian was a fraudulent transfer. Randall L. Rouse represented F.W. in the adversary proceeding in bankruptcy court. The bankruptcy court found that the transaction was a fraudulent transfer and entered a judgment in the amount of $148,000.00 against F.W. After the federal district court affirmed the bankruptcy court's decision, F.W. settled the creditors' claims by paying the amount of $28,000.00.

On October 4, 2002, F.W. filed this legal malpractice action against McKeehan. F.W. alleged that McKeehan was negligent in the following respects: (1) in failing to notify the state court of Permian's bankruptcy filing; (2) in failing to secure a lifting of the "stay" in the bankruptcy proceeding so as to allow F.W. to proceed to a final judgment in the state court action; (3) in failing to move the bankruptcy court for relief from the "stay" order so that the interlocutory partial summary judgment in the state court suit could be severed and made into a final judgment; (4) in failing

to object to the dismissal of the state court action; (5) in failing to notify F.W. of the state court's intention to dismiss the action; (6) in failing to move the state court to reinstate the suit after the dismissal; (7) in failing to file a bill of review to correct the state court's error in dismissing the case while a "stay order" was in effect; (8) in failing to appeal the order of dismissal of the state court action; (9) in failing to advise F.W. of the right to appeal the dismissal and the right to have the case reinstated; (10) in failing to keep F.W. reasonably informed about the status of the state court suit; (11) in failing to explain to F.W. the matters before the state court to the extent necessary for F.W. to make informed decisions regarding the matter; and (12) in failing to file suit in state court for the amount of the original debt of $225,679.50. F.W. alleged that McKeehan's negligence proximately caused it to sustain damages.

In its petition, F.W. stated that it intended to conduct discovery under Level 2 of the Texas Rules of Civil Procedure. TEX.R.CIV.P. 190.4. The discovery deadline was August 26, 2003 (nine months after the due date of the first response to written discovery). TEX.R.CIV.P. 190.3(b)(1)(B)(ii). The deadline for F.W. to designate experts was May 28, 2003 (90 days before the end of the discovery period). TEX.R.CIV.P. 195.2(a). F.W. did not designate any expert witness on liability issues before its deadline to designate experts under Rule 195.2(a). On August 25, 2003, McKeehan filed his no-evidence motion for summary judgment. At that time, the case was set for trial on September 29, 2003. The trial setting was continued; and, on November 6, 2003, F.W. filed a response to the motion for summary judgment. In support of its response, F.W. filed expert witness affidavits of attorneys, John W. Cliff, Jr. and Randall L. Rouse. Cliff's affidavit was offered on the liability issues. McKeehan moved to strike the expert affidavits on the ground that F.W. had not designated Cliff and Rouse as expert witnesses. The trial court struck the affidavits and granted McKeehan's motion for summary judgment.

### Issues Presented

F.W. presents two issues for review. In its first issue, F.W. asserts that the trial court erred in granting summary judgment because there was more than a scintilla of evidence to support its legal malpractice claim. In its second issue, F.W. asserts that the trial court erred in striking the expert witness affidavits of Cliff and Rouse.

### Standard of Review

McKeehan sought a no-evidence summary judgment on the grounds that there was no evidence to support each of the following elements of F.W.'s legal malpractice claim: (1) the applicable standard of care; (2) that McKeehan's conduct fell below the applicable standard of care; (3) that McKeehan's conduct proximately caused damage to F.W.; and (4) that F.W. suffered any damage as a result of McKeehan's conduct. The trial court must grant a no-evidence motion for summary judgment unless the non-movant produces evidence that raises a genuine issue of material fact on the challenged element of his claim or defense. TEX.R.CIV.P. 166a(i). The appellate court reviews evidence presented in response to a no-evidence motion for summary judgment in the same way it reviews evidence presented in support of, or in response to, a traditional motion for summary judgment: it accepts as true evidence favorable to the non-movant and indulges every reasonable inference and resolves all doubts in favor of the non-movant. *Hight v. Dublin Veterinary Clin-*

*ic,* 22 S.W.3d 614, 619 (Tex.App.-Eastland 2000, pet'n den'd). The appellate court reviews, however, only evidence presented by the non-movant. Rule 166a(i); *Hight v. Dublin Veterinary Clinic, supra* at 618–19. If the non-movant presents more than a scintilla of evidence on the disputed element, a no-evidence summary judgment is improper. *Hight v. Dublin Veterinary Clinic, supra; Denton v. Big Spring Hospital Corporation,* 998 S.W.2d 294, 298 (Tex.App.-Eastland 1999, no pet'n); *cf. Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706 (Tex.1997), *cert. den'd,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).

■ The trial court's order granting summary judgment does not specify the ground or grounds upon which it was based. When a trial court's order does not specify the ground or grounds relied upon for its ruling, the summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chemical Company v. Francis,* 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

### Striking of Expert Witness Affidavits

■ We review the trial court's exclusion of an undesignated expert witness under an abuse of discretion standard. *Mentis v. Barnard,* 870 S.W.2d 14, 16 (Tex.1994). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003).

McKeehan filed his no-evidence motion for summary judgment three months after F.W.'s deadline for designating expert witnesses. The 1999 revisions to the discovery rules governed discovery in this case. TEX.R.CIV.P. 190.1 *et seq.* The issue for determination is whether the deadline for designating expert witnesses under Rule 195.2(a) applies to summary judgment proceedings.

■ F.W. relies on *Johnson v. Fuselier,* 83 S.W.3d 892 (Tex.App.-Texarkana 2002, no pet'n), in arguing that the discovery rules for designating experts do not apply to summary judgment proceedings. McKeehan relies on *Ersek v. Davis & Davis, P.C.,* 69 S.W.3d 268 (Tex.App.-Austin 2002, pet'n den'd), in arguing that the discovery rules for designating experts, as revised in 1999, apply to summary judgment proceedings. We agree with the reasoning of the *Ersek* court.

*Ersek* involved facts very similar to this case. In *Ersek,* the plaintiff did not timely designate his expert. The defendant moved for summary judgment after the plaintiff's deadline for designating expert witnesses. *Ersek v. Davis & Davis, P.C., supra* at 270–73. The plaintiff relied on an expert affidavit in response to the defendant's motion for summary judgment. The defendant requested that the trial court strike the affidavit, the trial court struck the affidavit, and the Austin Court of Appeals held that the trial court did not abuse its discretion in striking the affidavit. *Ersek v. Davis & Davis, P.C., supra* at 270 & 272–74.

The *Ersek* court examined the 1999 changes to the discovery rules. *Ersek v. Davis & Davis, P. C., supra* at 272–73. The court noted that, before the revisions, courts held that the discovery rules relating to the designation of expert witnesses did not apply in summary judgment proceedings. Before the 1999 revisions, the discovery period began when the suit was filed and ended on the date set for trial. The rules required the parties to designate their experts 30 days before the end of the discovery period. However, a continuance of the trial setting extended the discovery

period and the deadline for designating experts. The *Ersek* court explained that, under the 1999 revisions, there is a "date certain" for designating expert witnesses. *Ersek v. Davis & Davis, P.C., supra* at 273. The discovery period begins when the suit is filed and ends the earlier of 30 days before the date set for trial or 9 months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery. *See* Rule 190.3(b)(1)(B)(ii). A party seeking affirmative relief must designate all testifying experts 90 days before the end of the discovery period. Rule 195.2(a). These dates do not fluctuate depending on the date set for trial. In *Ersek*, the court determined that the plaintiff could not use his expert witness affidavit at the trial on the merits because he had not designated the expert witness by the "date certain." *Ersek v. Davis & Davis, P.C., supra* at 273 (citing TEX.R.CIV.P. 193.6(a)).

Based on the "date certain" for designating experts, the *Ersek* court held that the 1999 revisions apply to summary judgment proceedings. The *Ersek* court determined that the plaintiff could not establish good cause for the failure to designate the expert nor could it establish that the defendant would not be unfairly surprised or prejudiced by a late designation. Therefore, the court held that the affidavit could not be admitted in a summary judgment proceeding held after the deadline for designating experts. *Ersek v. Davis & Davis, P.C., supra* at 273.

Rule 166a(i) provides that a party may move for a no-evidence summary judgment "[a]fter adequate time for discovery." In this case, McKeehan did not file his no-evidence motion for summary judgment until after an adequate time for discovery had passed. Parties should be entitled to rely on the "date certain" for designating experts when preparing no-evidence mo-

tions for summary judgment. F.W. did not designate Cliff and Rouse by the "date certain" for designating its expert witnesses. We agree with the reasoning of the *Ersek* court. Therefore, we hold that the trial court did not abuse its discretion in striking the affidavits of Cliff and Rouse. F.W.'s second issue is overruled.

### Legal Malpractice Claim

To prevail on a legal malpractice claim, a plaintiff must show the following elements: (1) that the attorney owed the plaintiff a duty; (2) that the attorney breached that duty; (3) that the breach proximately caused the plaintiff's injuries; and (4) that damages occurred. *Alexander v. Turtur & Associates, Inc.,* 146 S.W.3d 113, 117 (Tex.2004). In general, causation in a legal malpractice suit must be proved by expert testimony. *Alexander v. Turtur & Associates, Inc., supra* at 119–20. Expert testimony is not required when causation is within the jury's common understanding. *Alexander v. Turtur & Associates, Inc., supra; see Delp v. Douglas,* 948 S.W.2d 483, 495 (Tex.App.-Fort Worth 1997), *rev'd on other grounds,* 987 S.W.2d 879 (Tex.1999). In this case, expert testimony on causation was required because the effect of Permian's bankruptcy filing, if any, on F.W.'s claims against Permian is not something within a jury's common knowledge. *See Alexander v. Turtur & Associates, Inc., supra; Arce v. Burrow,* 958 S.W.2d 239, 251–52 (Tex. App.-Houston [14th Dist.] 1997), *aff'd as modified on other grounds,* 997 S.W.2d 229 (Tex.1999). For example, the effect of the bankruptcy stay and whether the stay could have been lifted are not matters within a jury's common knowledge.

F.W. did not present any expert evidence on the causation issue. Therefore, it failed to raise a material fact issue on the causation element of its legal malprac-

tice claim. The trial court did not err in granting summary judgment. F.W.'s first issue is overruled.

### This Court's Ruling

The judgment of the trial court is affirmed.