Opinion filed May 1, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed May 1, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00027-CV 

                                                    __________

 

ASHANTI DAVIS AND ASHLEY DAVIS, Appellants 

 

v.

 

DILLARD=S DEPARTMENT STORE, INC., Appellee 

 



 

On Appeal from the 358th District Court

 

 Ector County, Texas

 

Trial Court Cause No. D-118,269

 



 

                                M
E M O R A N D U M   O P I N I O N

Asserting
various theories of recovery, Ashanti Davis and Ashley Davis sued Dillard=s Department Store, Inc.
for damages allegedly sustained by them as a result of an incident that
occurred while they were in a Dillard=s
store.  Ashanti and Ashley appeal from the trial court=s summary judgment entered in favor of Dillard=s.  We affirm.








Ashanti
and Ashley claim that, while they were shopping in Dillard=s in Odessa, a Dillard=s manager and a security
guard came up to them and asked them to go with them to the rear of the store;
they were suspected of shoplifting.  Ashanti and Ashley went with them.  They
were asked to fill out a Ano-trespassing@ form, their pictures were
taken, and they were escorted out of the store.

Ashanti
and Ashley sued Dillard=s,
alleging causes of action for false imprisonment, assault and battery,
intentional or reckless infliction of emotional distress, negligence, and gross
negligence.  Dillard=s
filed a motion for summary judgment that contained both Atraditional@
allegations as well as Ano-evidence@ allegations.  The trial
court granted the motion, but it did not state the grounds upon which it
granted it.

On
appeal, Ashanti and Ashley do not complain of the trial court=s ruling on any of its
causes of action other than their claim for false imprisonment.  They assert,
in one issue, that the trial court erred in granting the summary judgment
because there was a fact issue Aas
to Plaintiffs= claims
of false imprisonment.@

When
faced with a no-evidence motion for summary judgment, the nonmovant must
produce evidence that raises a genuine issue of material fact on each
challenged element of its cause of action in order to avoid an adverse ruling. 
Tex. R. Civ. P. 166a(i).  We must
review a no-evidence summary judgment under the same standard as a directed
verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003).  Accordingly, we examine the record in the light most favorable to the
nonmovant and disregard all contrary evidence and inferences.  Id.; Wal-Mart
Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court
must grant a proper no-evidence motion for summary judgment unless the
nonmovant produces more than a scintilla of probative evidence to raise a
genuine issue of material fact.  Rule 166a(i); Wal-Mart, 92 S.W.3d at
506.  We may not consider any evidence presented by the movant unless it
creates a fact question.  Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex.
2004).  A trial court errs if it grants a no-evidence motion for summary
judgment when the nonmovant has presented more that a scintilla of evidence on
the disputed element.  King Ranch, 118 S.W.3d at 751.  If the trial
court does not state the grounds upon which summary judgment is granted, an
appellate court will affirm the judgment if any of the grounds set forth by the
movant are meritorious.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242
(Tex. 2001); F.W. Indus., Inc. v. McKeehan, 198 S.W.3d 217, 220 (Tex.
App.CEastland 2005, no
pet.).

One
who sues for false imprisonment must prove: (1) willful detention (2) without
consent and (3) without authority of law.  Wal-Mart, 92 S.W.3d at 506.








The
only summary judgment evidence offered by Ashanti and Ashley were their own
affidavits.  The two affidavits were identical with the exception of the names
and ages of the affiants. The affidavits read, excluding the formal parts, in
their entirety as follows:

I
am the Plaintiff in a lawsuit against Dillard=s
Department store inc. [sic]  I was detained by a security guard and the manager
of the Dillard=s
department store in Odessa, Ector County, Texas.  This is the subject of this
suit.  The security guard and the manager approached me in a threatening manner
and informed me that I was to follow them to the back of the store.  I did not
feel free to leave at any time and I felt that my compliance with their request
was mandatory.  I did not consent to go to the back or stay in the room where
they placed me, rather, I felt that I had to go there and stay in the room. 
The physical actions and gestures of the manager and security guard made me
feel as if I had to comply or force would be used against me.  I was placed in
fear of immediate physical force if I did not go to the back of the store and
stay there until they told me I could leave.  I was [fifteen/sixteen] years old
at the time of the detention.

 

First
of all, the affidavits are conclusory.  Conclusory statements are those that do
not provide the facts in support of the conclusion.  Price v. Am. Nat=l Ins. Co., 113 S.W.3d
424, 429. (Tex. App.CHouston
[1st Dist.] 2003, no pet.).  For instance, the affiants claim that they were
approached in a threatening manner, but no facts are stated that underlie that
conclusion.  The affiants state how they felt, but there are no facts in the
affidavits, just other conclusions, to support that conclusion.  The affiants
refer to A[t]he
physical actions and gestures of the manager and security guard,@ but they state no facts
upon which the conclusion is based.  The same is true of the statement, AI was placed in fear of
immediate physical force,@
as well as most of the other statements in the affidavits. Conclusory
statements are insufficient to defeat summary judgment.  See Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984); Price, 113 S.W.3d at
429.  Being conclusory, the affidavits are no evidence that Ashanti and Ashley
were willfully detained without consent and without authority of law.  See
Wal-Mart, 92 S.W.3d at 506.  There was no other summary judgment evidence
presented by Ashanti and Ashley.  The trial court did not err when it granted
Dillard=s motion for
summary judgment.








Additionally,
the only damages sought by Ashanti and Ashley in connection with their false
imprisonment claim were mental anguish damages.  They have presented no
evidence in response to Dillard=s
no-evidence motion for summary judgment that raises a fact issue regarding
damages for mental anguish.  Ashanti and Ashley, in the face of Dillard=s motion, were required to
bring some evidence, more than a scintilla, of the nature, duration, or
severity of their claim, Athus
establishing a substantial disruption in the plaintiffs= daily routine.@ 
Gunn Infiniti, Inc. v. O=Byrne,
996 S.W.2d 854, 860 (Tex. 1999).  This evidence must be such to show that there
is a high degree of mental pain and distress.  Parkway Co. v. Woodruff,
901 S.W.2d 434 (Tex. 1995).  It must show more than mere worry, anxiety,
vexation, embarrassment, or anger.  Id.  Again, because we are reviewing
a no-evidence motion for summary judgment, we consider only the evidence
offered by the nonmovant unless the evidence presented by the movant creates a
fact question.  Here, Ashanti and Ashley have come forward with no evidence to
meet Dillard=s
no-evidence challenge regarding damages.  The only issue raised by Ashanti and
Ashley in this appeal is overruled.

Because
we have found that the trial court properly granted Dillard=s no-evidence motion for
summary judgment, we need not address the traditional motion for summary
judgment.

We
affirm the judgment of the trial court.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 1, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.