Affirmed and Memorandum Opinion filed May 27, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00753-CV

___________________

 

PRIMIS CORP. AND LOUIS CARRANZA,
Appellants

 

V.

 

SAMUEL L. MILLEDGE AND THE MILLEDGE LAW FIRM,
P.C., Appellees



 



 

On
Appeal from the 234th District Court

Harris County,
Texas



Trial Court Cause No. 2005-63583

 



 

 

M E M O R A N D U M  O P I N I O N

            A corporation and its principal
owner sued an attorney and his professional corporation alleging professional
negligence, breach of contract, and violations of the Texas Deceptive Trade
Practices Act.  After a bench trial, the trial court rendered a take-nothing
judgment and found that, though the attorney was negligent, his negligence was
not the proximate cause of damage to the plaintiffs.  On appeal, the plaintiffs
assert that the trial court erred by failing to find causation, by denying the
plaintiffs leave to file a trial amendment, and by excluding an exhibit from
evidence.  We reject the challenge to the trial court’s finding regarding
causation and conclude that any error regarding the second and third issues was
harmless.  Accordingly, we affirm the trial court’s judgment.

 

I. 
Factual and Procedural Background

            In
2003, appellants/plaintiffs
Primis Corporation and Louis Carranza (hereinafter collectively “Primis”) were
sued by Merrill Lynch Business Financial Services, Inc.  On or about June 11,
2003, appellees/defendants Samuel L. Milledge and The Milledge Law Firm, P.C.
(collectively hereinafter “Milledge”) agreed to represent Primis in this
lawsuit, and Primis paid Milledge a $5,000 retainer.  Milledge asserts that the
retainer was limited to work on the Merrill Lynch lawsuit; Primis asserts that
it was a general retainer.

            On or about June 23, 2003, Primis was served with
citation in a lawsuit filed against Primis by AAR Incorporated.  In this suit,
AAR sought confirmation of an arbitration award rendered against Primis
Corporation and in favor of AAR for more than $147,000.  AAR also asserted a
claim against Louis Carranza for breach of fiduciary duty seeking the same
money judgment that it sought against Primis Corporation as well as punitive damages. 
Carranza delivered the citation for the AAR lawsuit to Milledge’s office when
there was no attorney there.  On July 11, 2003, Milledge sent Carranza a
letter, stating that for Milledge to represent Primis in the AAR suit, Primis
would need to pay a $5,000 retainer.  Milledge noted that the deadline to file
an answer in the AAR suit was July 28, 2003, and Milledge requested that the
retainer be paid by July 16, 2003.

            Primis did not pay the $5,000 retainer Milledge
requested in the July 11 letter, and no answer was filed on behalf of Primis in
the AAR suit.  On August 22, 2003, the trial court in the AAR suit granted a
default judgment, awarding AAR $147,130, attorney’s fees, and prejudgment
interest against Primis Corporation and $135,655 in actual damages, plus
prejudgment interest and $271,310 in punitive damages against Carranza.  Primis
asserts that shortly after learning of this default judgment, Primis paid
Milledge $2,000 on August 29, 2003, for legal services to attempt to have this
judgment set aside.  At trial, Milledge denied receiving this payment from
Primis.  Milledge testified that, at the urging of Primis’s accountant,
Milledge agreed to file a motion for new trial in an effort to get the trial
court to set aside the default judgment.  

            Milledge filed a motion for new trial in the AAR
suit, which the trial court denied.  Milledge filed no further motions in that
suit other than a motion to withdraw as counsel.  Primis did not appeal from
the default judgment in favor of AAR.  

            Primis filed suit against Milledge in the trial
court below asserting claims for negligence, breach of contract, and violations
of the Texas Deceptive Trade Practices Act. The case was tried to the bench.  The
trial court rendered a take-nothing judgment against Primis.  The trial court
filed findings of fact and conclusions of law, stating among other things the following:

·       
Carranza left the AAR citation and petition at Milledge’s office
without meeting with Samuel Milledge.

·       
Carranza was under the reasonable impression that Milledge would
file an answer in the AAR lawsuit on behalf of Primis.  

·       
If a Texas attorney fails to advise a non-client that the
attorney is not representing the non-client under circumstances that reasonably
would lead the non-client to believe that the attorney is representing the
non-client, then the attorney owes a negligence duty to the non-client.  If an
attorney is aware or should have been aware that his conduct would lead a
reasonable person in the position of a non-client to believe that the attorney
was representing that person, then the attorney has a duty to advise the
non-client that the attorney is not representing the non-client.  

·       
Even though Milledge did not represent Primis prior to the due
date for Primis’s answer in the AAR lawsuit, Milledge owed Primis a duty to
clearly and unambiguously advise Primis that Milledge would not be filing an
answer for Primis.   Milledge did not discharge this duty.  The July 11, 2003
letter from Milledge was unclear given that only a month earlier Primis had
paid Milledge a $5,000 retainer.  Milledge knew or should have known that
Carranza believed that Primis was represented and that an answer would be
filed.

·       
Milledge committed multiple acts of malpractice, including
“failing to give advice, opinion, or relevant information when legally
obligated to do so; delaying or not handling a matter entrusted to his care;
improperly preparing and managing Primis [sic] and Carranza’s litigation;
failure to perform reasonable investigation of the litigation, the issues
presented, and the information available; and failure to act with the minimum
degree of skill, prudence or knowledge required of any Texas attorney.”  

·       
Milledge’s negligence was not the cause of any of Primis’s
alleged damages.

·       
Milledge did not violate the Texas Deceptive Trade Practices Act.

·       
Primis did not have a contract with Milledge regarding the AAR
lawsuit; therefore, Primis cannot recover for breach of contract.  

 

Did the trial evidence conclusively
prove that Milledge’s negligence caused Primis’s alleged damages?

 

In the first
issue, Primis asserts that the trial court erred by failing to find that
Milledge’s negligence caused Primis’s alleged damages.  We construe Primis’s
issue and argument to challenge the legal sufficiency of the trial court’s
finding that Milledge’s negligence was not the cause of any of Primis’s
damages.  Because Primis had the burden of proof as to this issue, for Primis
to succeed in its legal-sufficiency challenge, we must conclude that Primis
conclusively proved that Milledge’s negligence was a proximate cause of Primis’s
alleged damages.  See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex.
2001); Green v. Alford, 274 S.W.3d 5, 17–18 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied) (en banc).  In making this determination, we must
consider the evidence in the light most favorable to the challenged finding and
indulge every reasonable inference that would support it.  See City of
Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We must credit
favorable evidence if a reasonable factfinder could and disregard contrary
evidence unless a reasonable factfinder could not.  See id. at
827.  We must determine whether the evidence at trial would enable a reasonable
and fair-minded person to find the facts at issue.  See id.  The
factfinder is the sole judge of the credibility of the witnesses and the weight
to be given their testimony.  See id. at 819.  Evidence is
conclusive only if reasonable people could not differ in their conclusions.  See
id.  Because findings of fact in a bench trial have the same force and
dignity as a jury verdict, we review them for legal sufficiency of the evidence
under the same standards we apply in reviewing a jury’s findings.  See Anderson v. City of Seven Points,
806 S.W.2d 791, 794 (Tex. 1991).  

Primis did
not introduce, and the trial record does not contain, expert testimony
regarding causation.  Therefore, we must consider whether expert testimony was
required.  The record must provide an evidentiary basis establishing a causal
link between the attorney’s asserted negligence and the plaintiff’s asserted harm. 
See Alexander v. Turtur & Associates, Inc., 146 S.W.3d 113, 119 (Tex.
2004).  A failure of proof can result if expert testimony is limited to whether
the defendant violated the standard of care.  See id.  Proof of
causation of injury often requires expert testimony concerning what a
reasonably prudent attorney would have done under the circumstances.  See id. 
When the causal link between the attorney’s negligence and the alleged damages
is beyond the trier of fact’s common understanding, expert testimony is
necessary.  See id. at 119–20.  In a legal malpractice case predicated
on professional negligence during litigation, expert testimony generally is
required to determine whether the result of the underlying litigation would
have been different but for the attorney’s alleged negligence.  See id.

Primis agreed
that Primis Corporation owed AAR $78,031.25.  Primis’s theory of recovery was
that, had a reasonably prudent attorney represented Primis in the AAR lawsuit,
the result would have been no liability for Carranza and liability for Primis
Corporation only for $78,031.25.  To make this causation determination, the
trier of fact would have to assess whether, with reasonably prudent counsel, the
trial court would have vacated or modified the arbitration award against Primis
Corporation as well as whether Carranza would have successfully defended
himself against AAR’s claims.  This causation inquiry was beyond the trier of
fact’s common understanding; therefore, expert testimony was necessary for
Primis to prove causation.[1]  See id. (holding expert testimony necessary
for causation regarding outcome of underlying adversary proceeding); F.W.
Indus., Inc. v. McKeehan, 198 S.W.3d 217, 221–22 (Tex. App.—Eastland 2005,
no pet.) (holding expert testimony necessary for causation regarding the effect
of a bankruptcy filing by client’s debtor upon client’s claims against debtor);
Arce v. Burrow, 958 S.W.2d 239, 252 (Tex. App.—Houston [14th Dist.]
1997) (holding expert testimony necessary for causation issue regarding
settlements of personal injury and wrongful death cases), aff’d in part,
rev’d in part on other grounds, 997 S.W.2d 229 (Tex. 1999).  Primis did not
introduce, and the trial record does not contain, any expert testimony
regarding causation.[2]  In the absence of this required expert testimony,
the trial court did not err in finding that Milledge’s negligence was not the
cause of any of Primis’s damages.  Under the applicable standard of review, Primis
has not shown that Primis conclusively proved that Milledge’s negligence was a
proximate cause of any of Primis’s alleged damages.  Accordingly, we overrule
the first issue.

Did the trial court reversibly err by
denying Primis leave to amend the petition?

 

In
the second issue, Primis asserts that the trial court erred in denying Primis
leave to file a trial amendment adding claims for gross negligence, fraud, and
breach of fiduciary duty.  Primis also asserts that the trial court erred in
denying Primis’s post-trial motion to reconsider this ruling.  In Primis’s oral
motions for leave to amend pleadings during trial and in Primis’s post-trial
written motion to reconsider, Primis never stated that Primis wished to amend the
petition to seek fee forfeiture.  See Burrow v. Arce, 997 S.W.2d 229,
237–47 (Tex. 1999) (holding that a client may obtain fee forfeiture as remedy
under a breach-of-fiduciary-duty claim, even in absence of damages caused by
attorney’s negligence or breach of fiduciary duty).  Primis sought to add only
claims for money damages, and proof of causation was required as to these
claims.  However, as discussed above, there was no expert testimony at trial
regarding causation, and the trial court did not err in finding no causation. 
On this record, even if we presume that the trial court erred in denying leave
to file a trial amendment, any such error did not probably cause the rendition
of an improper judgment.  See Tex.
R. App. P. 44.1.  Accordingly, we overrule the second issue.  

Did the trial court reversibly err by
excluding from evidence a copy of a check?

 

In
the third issue, Primis asserts that the trial court erred by refusing to admit
into evidence a copy of a August 29, 2003 check for $2,000 from Primis to
Milledge.  During his testimony, Milledge denied receiving such a check.  Near
the end of the bench trial, Primis offered a copy of the check to impeach the
testimony of Milledge and another witness.  On appeal, Primis also asserts that
this evidence was needed to show that a contract existed between Primis and
Milledge.  Though the trial court did not admit this exhibit into evidence, the
trial court stated that another exhibit already had been admitted into evidence
that indicated Milledge cashed an August 29, 2003 check from Primis and that
the trial court did not find credible the testimony from Milledge and another
witness to the effect that Milledge did not cash such a check.  As stated by
the trial judge, the trial court concluded that Milledge had cashed the check
in question based on other trial evidence.  On this record, even if we presume
that the trial court erred in excluding a copy of the check from the trial
evidence, any such error did not probably cause the rendition of an improper
judgment.  See Tex. R. App. P.
44.1.  Accordingly, we overrule the third issue.  

Having
overruled all of Primis’s issues, we affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices
Anderson, Frost, and Boyce.









[1]
The Supreme Court of Texas has held that findings of fact in a bench trial have
the same force and dignity as a jury’s verdict and that fact findings should be
reviewed for sufficiency of the evidence under the same standards, regardless
of whether the jury or the trial court was the fact finder.  See Anderson v. City of Seven Points, 806 S.W.2d
791, 794 (Tex. 1991).  This court has held that we review a trial court’s
finding of no causation in a bench trial in a legal malpractice case under the
same legal and factual sufficiency standards applied in reviewing a jury
verdict.  See Simon v. D. Miller & Assocs., 2009 WL 335068, at *3–4
(Tex. App.—Houston [14th Dist.] Feb. 12, 2009, pet. denied) (mem. op.).
Therefore, we analyze the legal sufficiency of the evidence in this case in the
same way as we would in a case tried to the jury.  More specifically, the same
legal sufficiency analysis applies to bench trials addressing causation in
legal malpractice cases predicated on professional negligence.  See Abdelhak
v. Farney, No. 04-07-00121-CV, 2007 WL 4180133, at *4-5 (Tex. App.—San
Antonio Nov. 28, 2007, no pet.) (mem. op.) (Alexander’s requirement of
expert testimony to establish causal link between professional negligence and
client’s injury applies in bench trials just as it does in jury trials; “We are
unable to conclude that Alexander is inapplicable to cases presented to
the trial court rather than a jury.”).  This rule makes sense in a
legal-malpractice context; although a trial judge may be competent to evaluate
whether an attorney breached a duty to his client and whether this breach
caused damage, these are factual issues that must be established in the
evidence at trial and subjected to the adversary process.  A trial judge’s
private thoughts regarding these issues are not evidence, and they are not
reflected in the record. Nor are they subjected to the adversarial process.  See
Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 481 (3d Cir. 1979)
(holding expert testimony is needed in legal-malpractice cases under
Pennsylvania law under certain circumstances regardless of whether the fact
finder is the jury or the trial judge); Bonhiver v. Rotenberg, Schwartzman
& Richards, 461 F.2d 925, 928–29 (7th Cir. 1972) (same as Lentino under
Illinois law).  Moreover, a conclusion that judges have “experience and legal
education superior to that of most jurors” does not justify changing the type
of causation proof required according to whether a professional negligence case
against a lawyer is tried to a jury or to the bench.  See Abdelhak,
2007 WL 4180133, at * 5.  “Inevitably, this premise would turn an objective
criterion — is it beyond the knowledge of most jurors — into a subjective
one.”  Id.





[2]
The only expert witness Primis called was
Primis’s trial counsel.  After providing expert testimony regarding Primis’s
attorney’s fees request, Primis’s trial counsel indicated that he wanted to
testify as an expert regarding “what a prudent attorney would or would not do.”
In response, the trial court suggested that trial counsel could speak to
whether Milledge’s actions met the standard of care during closing argument. 
Primis’s counsel agreed that he would follow the trial court’s suggestion and
speak to these matters during closing argument.  The closing argument of
Primis’s trial counsel, however, does not constitute expert testimony.  The
trial court did not rule that Primis’s counsel would be prevented from
testifying as an expert regarding what a prudent attorney would have done, and
Primis did not object in the trial court or on appeal that Primis was prevented
from offering expert testimony.  Though Primis’s counsel did make several
statements during his closing that addressed causation, these statements do not
constitute evidence.  But even if counsel had made these statements on the
witness stand testifying as an expert, these statements were conclusory and
would not have raised a fact issue on causation.  See Coastal Transport Co., Inc. v. Crown Cent. Petroleum Corp., 136 S.W.3d 227,
232 (Tex. 2004) (stating that conclusory expert testimony does not raise a
fact issue).