Gordon R. COOPER, II, Appellant,

v.

James B. HARRIS, Appellee.

No. 14–09–00185–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 14, 2010.

Erin Hilary Huber, Russell S. Post, William R. Peterson, Houston, for appellant.

Kimberley M. Spurlock, Humble, Carrie Holman Westbrook, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## OPINION

KEM THOMPSON FROST, Justice.

An attorney appeals from a judgment on a jury verdict against him based on negligence and breach-of-contract claims asserted by his former client in connection with the attorney's handling of a lawsuit against the client's former employer. Concluding that the evidence of causation is legally insufficient as to the negligence claim and that the client cannot assert the breach-of-contract claim separately from the negligence claim, we reverse the trial

court's judgment and render judgment that the client take nothing.

## I. Factual and Procedural Background

Appellant Gordon R. Cooper, II is a Texas attorney. Appellee James B. Harris was his client. Harris retained Cooper to pursue employment discrimination claims after Harris's longtime employer terminated Harris's employment.

### Cooper's Handling of Harris's Employment Discrimination Claims

A chemist, Harris had worked for BASF for twenty-five years when BASF fired him on August 10, 2000. The next day Harris met with Cooper about pursuing various discrimination claims against BASF, and Cooper agreed to represent Harris. More than six months later, on March 6, 2001, Cooper filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging both race and age discrimination. Under section 21.202 of the Texas Labor Code, this filing was untimely as to Harris's state law claims. The EEOC dismissed Harris's charge of discrimination on July 30, 2001, and issued a notice to Harris of his right to sue BASF for race and age discrimination. The notice recited that if Harris decided to sue BASF, he was required to do so within ninety days of his receipt of the notice; otherwise, Harris's right to sue would be lost. After receiving this notice from the EEOC, Cooper waited more than ninety days to file suit.

On January 14, 2002, Cooper filed suit in state court, alleging violations of the Texas Labor Code only. BASF removed the case to federal court. After removal, Cooper ceased representing Harris and withdrew from the case. Harris retained attorney Peggy Sue Bittick to represent him. Bittick sought leave to amend Harris's complaint to allege additional claims, but the federal district court denied this request. BASF filed a motion for summary judgment, alleging that Harris's claims were procedurally barred because he did not pursue administrative remedies until more than 180 days after the date on which BASF engaged in the alleged unlawful employment practice. In the alternative, BASF sought summary judgment on the merits of Harris's claims. The federal district court granted summary judgment on the procedural grounds and did not address BASF's alternative arguments on the merits. The United States Court of Appeals for the Fifth Circuit affirmed.

### Harris's Claims Against Cooper

Harris sued Cooper in this case, asserting various claims, including negligence and breach of contract. Cooper represented himself at trial and disputed that he had been negligent. Bittick testified as both a fact witness and an expert witness. In Harris's case in chief, Harris, Harris's wife, and Cooper also testified. Cooper called only himself as a witness.

The trial court charged the jury on the negligence and breach-of-contract claims. The jury found in Harris's favor on both claims and awarded more than $2.1 million dollars in actual damages for the negligence claim and $7,250 for the breach-of-contract claim. The trial court rendered judgment on the jury's verdict awarding damages for both claims for a total judgment in excess of $2.9 million.

## II. Issues and Analysis

On appeal, Cooper challenges the legal sufficiency of the evidence. When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v.*

*Wilson,* 168 S.W.3d 802, 823 (Tex.2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819.

## A. Preservation of Error

■ On appeal, Cooper does not dispute that he owed Harris a negligence duty or that he breached it. But, in his first issue, Cooper asserts that the trial evidence is legally insufficient to support the jury's causation finding as to the negligence claim.

First, we address Harris's assertion that Cooper failed to preserve error in the trial court. Before the trial court signed its judgment, Cooper filed a motion in which he did the following:

- objected to the judgment proposed by Harris, arguing that it misapplied the law to the facts;
- objected to entry of judgment based on the jury's answers to questions one and two; [1]
- stated that, to prevail on a negligence claim arising from the alleged mishandling of an underlying claim or litigation, the claimant has the burden to prove (1) that "but for" the attorney's negligence, the claimant would have prevailed in the underlying case and (2) the amount that the claimant would have collected had the judgment been recovered;

- noted that this "suit within a suit" requirement is necessarily a part of the claimant's burden to prove causation;
- argued that there is no evidence to support the elements of Harris's negligence claim, one of which was that Cooper's breach of duty proximately caused Harris's alleged damages; and
- asked the trial court to sign an order sustaining Cooper's objections and to sign a final judgment disposing of all of Harris's claims consistent with Cooper's motion.

If the trial court had granted the relief requested in the motion, then it would have rendered judgment that Harris take nothing, notwithstanding the jury's verdict. The substance of the motion is a motion for judgment notwithstanding the verdict. *See Gammill v. Gammill,* No. 14–07–01013–CV, 2009 WL 1660479, at *3 (Tex. App.-Houston [14th Dist.] June 16, 2009, no pet.) (mem.op.). By rendering a judgment on the jury's verdict in favor of Harris, the trial court impliedly denied this motion.[2] *See Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999). We conclude that Cooper preserved error in the trial court as to his first issue.

## B. Legal Insufficiency of the Evidence to Support Jury's Causation Finding

■ The trier of fact must have some basis for understanding the causal link between the attorney's negligence and the client's harm. *See Alexander v. Turtur & Assocs.,* 146 S.W.3d 113, 119 (Tex.2004). In some cases, the client's testimony may provide this link, but in others, the connection may be beyond the trier of fact's

---

1. The jury made its causation finding in its answer to question one.

2. The trial court also denied a second motion for judgment notwithstanding the verdict that Cooper filed after the trial court rendered judgment.

common understanding and require expert testimony. *See id.* A failure of proof can result if expert testimony is limited to whether an attorney violated the standard of care. *See id.* Proof of causation of injury often requires expert testimony concerning what a reasonably prudent attorney would have done under the circumstances. *See id.* When the causal link between the attorney's negligence and the alleged damages is beyond the trier of fact's common understanding, expert testimony is necessary. *See id.* at 119–20. In a litigation-malpractice case, it is generally beyond the trier of fact's common understanding to determine whether the result of the underlying litigation would have been different but for the attorney's alleged negligence. *See id.*

Harris recovered nothing in his suit against BASF. Harris asserted a negligence claim against Cooper based on Cooper's alleged negligence in prosecuting Harris's claims against BASF. In this context, to prove causation in his negligence claim against Cooper, Harris had to prove that if his claims had been properly prosecuted by a reasonably prudent attorney, Harris would have obtained a judgment against BASF more favorable that the judgment he actually obtained. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Res. Corp.,* 299 S.W.3d 106, 112 (Tex.2009) (stating that, when a client claims his attorney negligently represented him in another case, the client must prove the amount of damages that would have been recovered and collected if the case had been properly prosecuted by a reasonably prudent attorney); *Alexander,* 146 S.W.3d at 118–20 (holding that, to prove causation, client claiming attorneys

negligently represented it in another case had to show that client would have achieved a more favorable result in the underlying lawsuit if the client had been represented by attorneys who were not negligent in handling the case); *Cosgrove v. Grimes,* 774 S.W.2d 662, 664–66 (Tex. 1989) (same as *Akin, Gump*); *Primis Corp. v. Milledge,* No. 14–08–00753–CV, 2010 WL 2103936, at *3 (Tex.App.-Houston [14th Dist.] May 27, 2010, no pet.) (mem.op.) (stating that, to prove causation, client claiming attorneys negligently represented it in another case had to show that result in underlying case would have been more favorable to client if the client had been represented by a reasonably prudent attorney); *MND Drilling Corp. v. Lloyd,* 866 S.W.2d 29, 31–32 (Tex.App.-Houston [14th Dist.] 1987, no writ) (holding that, to prove causation, client claiming attorney negligently prosecuted underlying suit in which client took nothing had to show that client would have been successful in the underlying suit if the client had been represented by attorneys who were not negligent); *Greathouse v. McConnell,* 982 S.W.2d 165, 172–73 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (stating that client claiming attorneys negligently represented it in another case had to show that client would have prevailed and been entitled to judgment in the underlying lawsuit if the client had been represented by an attorney who was not negligent).

■ We conclude that determining whether Harris would have recovered judgment against BASF if he had been represented by a reasonably prudent attorney was beyond the jury's common understanding.[3] *See Alexander,* 146 S.W.3d

---

3. Harris argues that expert testimony was not required because the jury easily and readily could understand Cooper's failure to comply with applicable filing deadlines under state and federal law. But this argument address-

es whether expert testimony was needed to prove that Cooper breached his negligence duty, an issue not before this court. Harris does not present argument explaining how it was within the jury's common understanding

at 119–20 (holding expert testimony necessary for causation regarding outcome of underlying adversary proceeding); *Primis Corp.*, 2010 WL 2103936, at *3 (holding expert testimony necessary for causation regarding outcome of underlying lawsuit); *F.W. Indus., Inc. v. McKeehan*, 198 S.W.3d 217, 221–22 (Tex.App.-Eastland 2005, no pet.) (holding expert testimony necessary for causation regarding the effect of a bankruptcy filing by client's debtor upon client's claims against debtor). Therefore, expert testimony was required on this issue. *See Alexander*, 146 S.W.3d at 119–20; *Primis Corp.*, 2010 WL 2103936, at *3; *F.W. Indus., Inc.*, 198 S.W.3d at 221–22.

The only expert testimony proffered by Harris was Bittick's testimony. At trial, Bittick testified in pertinent part as follows:

- Harris's case against BASF "was going to be a good solid six-figure case."
- Harris "was looking at 250 to 300,000 for back pay."
- Back pay is reduced by the amount of benefits that Harris actually was receiving during the relevant time period in his post-BASF employment.
- Harris's case had "lots of good facts" that might have warranted punitive damages.
- BASF was a multi-billion-dollar company at the time.
- BASF would have been able to satisfy any judgment that Bittick would have been able to obtain against BASF on behalf of Harris.
- Cooper breached his negligence duty by failing to comply with state and federal deadlines for Harris's claims.
- Harris "was going to make a great witness because he presented well."

- Harris was "very articulate, very credible, very believable about what he felt and what this did to him."
- When asked to give "a ballpark figure total that you think this case would have been worth had [Harris] been able to bring it to a jury," Bittick stated that "[t]his was going to be a minimum $300,000 case and then it was just going to go upwards from there because of the things that had happened to [Harris]."
- Bittick's estimate of $300,000 was "the low side."
- In addition, Harris would have been able to recover costs and his attorney's fees.
- When asked "[w]hat amount, if any, do you think [Harris] would have been able to recover as exemplary damages?", Bittick stated that "this was going to be in that million-dollar range as far as damages because how else are you going to tell BASF not to do something ... You have to smack them pretty hard, and I think this was that kind of case."
- Bittick answered in the affirmative, when asked if "in your opinion and in your area of expertise as an employment lawyer, do you feel like this would have been a million-dollar plus case against BASF if it had been—if you had been able to properly bring that case?"

For there to be legally sufficient evidence of causation, the record must contain expert testimony that would enable reasonable and fair-minded people to find that Harris would have recovered a money judgment against BASF if he had been represented by a reasonably prudent attorney. Under the standard articulated by

to determine whether Harris would have recovered judgment against BASF if he had

been represented by a reasonably prudent attorney.

the Supreme Court of Texas, evidence of a reasonable settlement value is not sufficient. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.3d at 112; *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 20 S.W.3d 692, 703 & n. 5 (Tex.2000) (stating in judicial dicta that, even if underlying litigation settled, to show causation in negligence claim against attorneys, client has to prove that if the underlying case were tried and the client had been represented by reasonably prudent attorneys, the judgment rendered would have been more favorable than the settlement obtained by the allegedly negligent lawyers). Though Bittick offered expert opinions as to breach of duty, this testimony does not raise a fact issue as to causation. *See Alexander*, 146 S.W.3d at 119–20.

Bittick made statements that (1) Harris's case "was going to be a good solid six-figure case," (2) Harris "was looking at 250 to 300,000 for back pay," (3) "a ballpark figure total" as to what the case would have been worth if Harris had "been able to bring it to a jury" is a minimum of $300,000, with this estimate being "the low side," (4) Harris would have been able to recover exemplary damages against BASF in the million-dollar range, and (5) Harris's case would have been "a million-dollar plus case against BASF" if Bittick had been able to properly bring it. These state-ments do not address (1) whether Harris's claims would have survived a summary-judgment motion on the merits so that Harris could "bring [his case] to a jury," if Harris's claims had been properly prose-cuted by a reasonably prudent attorney, or (2) whether Harris would have recovered a money judgment against BASF if his claims had been prosecuted by a reason-ably prudent attorney. Bittick's nonspe-cific and conclusory statements do not ad-dress the complicated factual and legal issues as to whether Harris would have been able to obtain a money judgment against BASF if he had been represented by a reasonably prudent attorney. We conclude that Bittick's expert testimony would not enable reasonable and fair-mind-ed people to find that Harris would have recovered a money judgment against BASF if he had been represented by a reasonably prudent attorney.[4] Because the record does not contain any such ex-pert testimony, the evidence is legally in-sufficient to support the jury's causation finding as to Harris's negligence claim against Cooper.[5] *See Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.3d at 112; *Alexander*, 146 S.W.3d at 119–20; *Cosgrove*, 774 S.W.2d at 664–66; *F.W. In-dus., Inc.*, 198 S.W.3d at 221–22; *MND Drilling Corp.*, 866 S.W.2d at 31–32; *see also Primis Corp.*, 2010 WL 2103936, at

4. As to Harris's ability to recover exemplary damages, even if Bittick's expert testimony had been sufficient as to the recovery of ex-emplary damages, the evidence is legally in-sufficient to support the jury's finding in its answer to question four that BASF acted with malice, which, under the court's charge, was required for Harris to recover based on exem-plary damages that he allegedly would have recovered but for Cooper's negligence.

5. Harris argues that Bittick's expert testimony was sufficient to raise a fact issue as to causa-tion because she explained to the jury how Cooper breached his negligence duty by fail-ing to comply with applicable filing deadlines under state and federal law and how it was reasonably foreseeable to an attorney that such a failure would cause Harris's claims to be dismissed. In making this argument Har-ris overlooks the applicable legal standard, under which, even though Cooper's negli-gence resulted in the dismissal of Harris's claims, there is still no causation under Har-ris's negligence claim unless Harris would have recovered a money judgment against BASF if he had been represented by a reason-ably prudent attorney.

*3. Accordingly, we sustain Cooper's first issue.[6]

## C. Impermissible Fracturing: No Alternative Recovery for Breach of Contract

 In his fifth issue, Cooper asserts that the trial court erred in awarding Harris a recovery for breach of contract because Harris improperly fractured his negligence claim against Cooper into a breach-of-contract claim. *See Deutsch v. Hoover, Bax & Slovacek, L.L.P*, 97 S.W.3d 179, 189–90 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The rule against dividing or fracturing a negligence claim prevents legal-malpractice claimants from opportunistically transforming a claim that sounds only in negligence into other claims. *See id.* If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim. *See id.* If, however, the client's complaint is more appropriately classified as another claim, for example, breach of fiduciary duty or breach of contract, then the client can assert a claim other than negligence. *See id.*

Harris sought the same damages in his breach-of-contract claim as he did in his negligence claim. In pleading breach of contract against Cooper, Harris alleged that Cooper "materially breached [his] contract with Plaintiff, which caused Plaintiff's injury, when [he] failed to file with the [Texas Commission on Human Rights] within the requisite 180–day period and failed to include in Plaintiff's lawsuit viable causes of action under federal law." Harris further alleged that "Cooper's failure to file with the [Texas Commission on Human Rights] within the requisite180–day period completely foreclosed Plaintiff's right to pursue his causes of action under the Texas Labor Code because the Code requires a plaintiff to exhaust all administrative remedies, such as filing with the [Texas Commission on Human Rights], *before* filing such a lawsuit."

 The jury found that Cooper breached an agreement with Harris and found damages of $7,250, which was the amount that Harris paid Cooper at the beginning of the representation. Cooper testified that he did not return any of this amount to Harris when Cooper withdrew from the representation and that Cooper had earned this entire amount as attorney's fees. It is undisputed that Cooper performed some legal services for Harris. The jury's award—a refund of sorts—of the entire amount paid presumably was based on its finding that Cooper was negligent in representing Harris. We conclude that the gist of Harris's breach-of-contract claim is that Cooper did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess. Therefore, we conclude that Harris improperly fractured his negligence claim against Cooper into a breach-of-contract claim. *See id.; Rangel v. Lapin,* 177 S.W.3d 17, 24 (Tex.App.-Houston [1st Dist.] 2005, no pet.). Because Harris may not recover separately for breach of contract, we sustain Cooper's fifth issue.

## III. CONCLUSION

Expert testimony was necessary at trial to prove that Harris would have recovered a money judgment against BASF if he had been represented by a reasonably prudent

---

**6.** Having sustained Cooper's first issue, we need not address Cooper's second, third, and fourth issues.

attorney. No expert testimony at trial raised a fact issue in this regard. Therefore, the evidence is legally insufficient to support the jury's causation finding as to Harris's negligence claim, and this claim thus fails as a matter of law. Harris's breach-of-contract claim fails as a matter of law because he was not able to assert this claim separately from his negligence claim under the "fracturing" doctrine. Accordingly, we reverse the trial court's judgment and render judgment that Harris take nothing.