**Reversed and Remanded and Memorandum Opinion filed January 17, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00921-CV
_____

**SHELLI FLORES, Appellant**

**V.**

**RICHARD THOLSTRUP, Appellee**

**On Appeal from the County Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 919558**

## MEMORANDUM OPINION

Appellant, Shelli Flores ("Flores"), appeals a summary judgment granted in favor of appellee, Richard Tholstrup ("Tholstrup"). We reverse and remand.

# BACKGROUND

By this suit, Flores alleges that Tholstrup, an attorney, breached fiduciary duties and committed malpractice in his representation of her in connection with matters involved in a separate lawsuit. The separate lawsuit arose from a bounced check written on a corporate bank account and allegedly signed by Flores. Flores and the corporation were sued by the holder of the bounced check and judgment was entered against the corporation, and against Flores individually. In the present case, Flores sued Tholstrup for breach of fiduciary duty, alleging:

> Tholstrup breached his fiduciary duty to Flores by failing to advise Flores that she could be personally liable on any checks written on a business bank account if she did not disclose her representative capacity, for accepting service on her behalf without authorization, failing to notify Flores that she had been sued and he had accepted service on her behalf, failing to keep Flores notified of the significant developments in the case against her, by not allowing her to participate in her defense, by providing an inadequate defense, by not withdrawing when he knew a conflict of interest existed, by not advising Flores that a trial had taken place and a judgment had been rendered against her or the consequences of such a judgment being rendered against her, and by breaching attorney-client confidentiality.
>
> Tholstrup's breach of his fiduciary duty injured Shelli Flores. Such breach of duty resulted in a judgment against Shelli Flores and damaged her credit and reputation.

Flores additionally sued Tholstrup for legal malpractice, alleging:

> Tholstrup's actions and/or omissions in representing Flores in the Perma Enterprises, Inc. vs. Aldine Healthcare lawsuit constitute malpractice. Tholstrup prepared a banking resolution for Aldine Healthcare, Inc., naming Flores as the authorized signatory for the Aldine Healthcare, Inc., bank account. He failed to advise Flores that if she did not sign in a representative capacity, she could be personally liable for checks written on the Aldine

Healtcare, Inc., bank account. A lawsuit was filed by Perma Enterprises d/b/a DJ Food Stores against Flores and Aldine Healthcare. Tholstrup, who had incorporated Aldine Healthcare, received service of the lawsuit, as registered agent for Aldine Healthcare, Inc. Tholstrup appeared as attorney for Aldine Healthcare, Inc. and accepted service of process on behalf of Flores in the lawsuit of Perma Enterpises, Inc. vs. Aldine Healthcare. Tholstrup undertook representing Flores in the Perma Enterprises lawsuit but never advised Flores that the lawsuit had named her personally and that he was representing her personally. Tholstrup failed to withdraw from representation as representing both Aldine Healthcare and Shelli Flores when he was aware that a conflict of interest existed. Tholstrup failed to inform Flores of the significant developments in the lawsuit, including the trial date. Tholstrup failed to prepare Flores for the trial, or allow her to present a defense on her behalf. Tholstrup provided an inadequate defense for Flores at the trial. Tholstrup failed to inform Flores that as a result of losing the trial, Flores was held accountable for the judgment. Flores could have won the underlying lawsuit had an adequate defense been provided for her. Tholstrup further committed malpractice when he failed to advise Flores that a judgment had been rendered against her and the consequences of that judgment being rendered against her. Tholstrup failed to explain to Flores what a subpoena duces tecum is and the importance of her showing up to the deposition. Tholstrup has acted negligently and in violation of the Lawyer's Creed and the Texas Disciplinary Rules of Professional Conduct. Tholstrup also breached his duty to Flores by violating the attorney-client confidentiality.

In Tholstrup's actions [he] has caused Flores damages including a garnishment on her accounts, loss of credit reputation, court costs, attorney's fees, mental anguish.

Tholstrup filed a traditional motion for summary judgment on the pleadings, which the trial court granted. This appeal followed.

## DISCUSSION

In two issues, Flores challenges the trial court's grant of summary judgment against her, arguing that Tholstrup was not entitled to summary judgment as a matter of law.

## Standard of Review

In a traditional motion for summary judgment, the movant has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). A defendant who conclusively negates at least one of the essential elements of a plaintiff's cause of action is entitled to a summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Once a defendant establishes its right to summary judgment, the burden then shifts to the plaintiff to come forward with summary judgment evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Tholstrup moved for summary judgment on the pleadings; he attached no evidence in support of his motion. Therefore, we review the propriety of the summary judgment based on Flores's pleadings. *See Warwick Towers Council v. Park Warwick,* 298 S.W.3d 436, 444 (Tex. App.—Houston [14th Dist.] 2009, no pet.). To determine whether a cause of action exists under the circumstances pleaded, we assume that all facts alleged by Flores are true and indulge all reasonable inferences in the light most favorable to Flores. *Id.*

4

## A. Breach of Fiduciary Duty Claim

The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) defendant breached its fiduciary duty to the plaintiff; and (3) defendant's breach resulted in injury to the plaintiff or benefit to defendant. *Lundy v. Mason*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). The plaintiff has the burden to prove each of the elements of her cause of action. *See Gonzalez v. Razi*, 338 S.W.3d 167, 169–70 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

## B. Legal Malpractice Claim

The focus of a legal malpractice claim is whether the attorney adequately represented the client. *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex. App.—Fort Worth 2002, pet. denied). The elements of a legal malpractice claim are: (1) the attorney owed plaintiff a duty; (2) the attorney's negligent act or omission breached that duty; (3) the breach proximately caused the plaintiff's injury; and (4) the plaintiff suffered damages. A*kin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009); *Alexander v. Turtur & Assocs., Inc.,* 146 S.W.3d 113, 117 (Tex. 2004). Although proximate cause is usually a question of fact in a legal malpractice action, it may be determined as a matter of law if the circumstances are such that reasonable minds could not arrive at a different conclusion. *Mackie v. McKenzie*, 900 S.W.2d 445, 449 (Tex. App.—Texarkana 1995, writ denied). Proximate cause has two elements: cause in fact and foreseeability. *IHS Cedars Treatment Ctr. of DeSoto, Tex. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Cause in fact requires proof that (1) the negligent act or omission was a substantial factor in bringing about the harm

at issue and (2) absent the negligent act or omission (known as "but for"), the harm would not have occurred. *Id.* at 799. The plaintiff has the burden to show, "but for" the attorney's breach of duty, she would have achieved a more favorable result in the underlying lawsuit—commonly referred to as the "suit within a suit" requirement. *See Alexander*, 146 S.W.3d at 118–20; *Cooper v. Harris*, 329 S.W.3d 898, 902 (Tex. App.-Houston [14thDist.] 2010, pet. denied).

## C. Tholstrup's Motion for Summary Judgment

Tholstrup moved for summary judgment on the grounds that, assuming he was negligent and breached his fiduciary duty, he is not liable to Flores because his actions and inactions did not proximately cause Flores's injuries; rather, she caused her own injuries by signing the corporate check without disclosing her representative capacity. The motion for summary judgment states:

> 8. Movant moves for summary judgment based on nonmovant's pleadings and facts in that, if there was a fiduciary relationship between nonmovant and movant, nonmovant suffered no damage as a result of movant's action. Nonmovant was individually liable through no fault of movant for the check the subject of this suit because nonmovant signed in her individual capacity and not as an officer of the corporation. Nonmovant was strictly liable for the amount of the check. Further, movant prepared a Banking Resolution which nonmovant filed with a banking institution stating "Shelli Flores, Secretary.["] Nonmovant did not sign as secretary of the corporation as provided for in the banking resolution and is therefore strictly liable for any damages she incurred as a result of her signatory actions. When a movant moves for summary judgment on its cause of action [,] movant is entitled to summary judgment as a matter of law if it proves any essential element of the claim can not [sic] be established by the nonmovant.
>
> Malpractice Cause of Action

9. Defendant moves for summary judgment based on plaintiff's pleadings and facts in that, [non]movant has not plead nor carried her burden to prove that "but for" the movant's breach of duty, nonmovant would have prevailed on the underlying cause of action and would have been entitle[d] to a favorable judgment, commonly referred to [as] the "suit within a suit" requirement. When a movant moves for summary judgment on its cause of action[,] movant is entitled to summary judgment as a matter of law if it proves any essential element of the claim can not [sic] be established by the nonmovant in this case.

(citations omitted).

In determining whether Tholstrup was entitled to summary judgment based on the grounds asserted, we must assume that all facts alleged by Flores in her petition are true and we indulge all reasonable inferences in her favor. *See Warwick*, 298 S.W.3d at 444. Accordingly, we accept as true that Tholstrup failed to advise Flores that she could be personally liable on corporate checks if she did not disclose her representative capacity and that this breach of duty resulted in the judgment against Flores. Under Flores's petition, if Tholstrup had properly advised her, Flores's signature would have included her representative capacity, and therefore she would not have been sued individually, and she would not have been personally liable for the check amount.

Contrary to his assertions in his motion for summary judgment, Tholstrup failed to conclusively negate that his alleged breach of fiduciary duties and negligence proximately caused injury to Flores. Accordingly, the trial court erred in granting the summary judgment.

**CONCLUSION**

We sustain Flores's issues. We reverse the summary judgment and remand for further proceedings consistent with this opinion.

/s/    Margaret Garner Mirabal
        Senior Justice

Panel consists of Justices Frost, McCally, and Mirabal.[1]

---

[1] Senior Justice Margaret Garner Mirabal sitting by assignment.