Opinion filed June 4, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00219-CV

_____

### WEST INLAND ENERGY, INC., Appellant

### V.

### ROCKWATER ENERGY SOLUTIONS, INC., Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 25930**

### M E M O R A N D U M   O P I N I O N

Appellant, West Inland Energy, Inc., brought this action against Appellee, Rockwater Energy Solutions, Inc., and alleged that Rockwater, without authorization, negligently administered a chemical treatment to a well owned and operated by West Inland that caused the well to cease its production. Specifically, West Inland asserted claims, albeit globally, against Rockwater for negligence, gross negligence, and trespass. Rockwater filed an amended hybrid motion for summary

judgment in which it claimed that West Inland could produce no evidence that the well treatment administered by Rockwater proximately caused the cessation of the well's production. The trial court granted Rockwater's motion without stating a basis for its rulings. West Inland now appeals those rulings, contending that (1) the trial court erred when it granted Rockwater's traditional motion for summary judgment and (2) the trial court erred when it granted Rockwater's no-evidence motion for summary judgment. We affirm.

## I. *Factual and Procedural Background*

West Inland owns and operates the well at issue in this case. Rockwater is an oilfield service company that serviced the well. In 2014, the well casing leaked, necessitating repairs. Repairs were made in the form of a "cement squeeze," a type of cement-based patch used to seal the leak in the well casing. After the well casing was patched, West Inland instructed Rockwater to discontinue servicing the well. Nevertheless, in 2016, Rockwater chemically treated the well with a scale inhibitor, a corrosion inhibitor, and flush water. Within days after this treatment had been completed, the well stopped producing.

West Inland filed its Amended Petition and Request for Disclosure on March 16, 2017. Rockwater filed its amended hybrid motion for summary judgment on March 11, 2019. The primary focus of Rockwater's motion was the causation element of West Inland's asserted claims. After a hearing, the trial court granted summary judgment against West Inland as to all claims it had asserted against Rockwater. This appeal followed.

## II. *Standard of Review*

We review a trial court's order granting summary judgment de novo. *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 181 (Tex. 2019); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When we review either a traditional or a no-evidence summary judgment, we take as true all evidence

2

favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *KMS Retail*, 593 S.W.3d at 181; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We credit evidence favorable to the nonmovant if reasonable jurors could do so, and we disregard contrary evidence unless reasonable jurors could not. *Samson Exploration, LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 774 (Tex. 2017); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311–12 (Tex. 2014) (per curiam).

Generally, when parties move for summary judgment on both traditional and no-evidence grounds, we first consider the no-evidence motion. *KMS Retail*, 593 S.W.3d at 181; *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017). If the nonmovant fails to overcome its no-evidence burden on any claim, we need not address the traditional motion to the extent that it addresses the same claim. *Lightning Oil*, 520 S.W.3d at 45; *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

To prevail on a traditional summary judgment motion, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KMS Retail*, 593 S.W.3d at 181; *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). The evidence raises a genuine issue of material fact if "reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

We review a no-evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Pursuant to this standard, and "[t]o defeat a no-evidence motion, the nonmovant must produce at least a scintilla of evidence raising a genuine issue of material fact as to the challenged elements." *KMS Retail*, 593 S.W.3d at 181; *see Ridgway*, 135 S.W.3d at 600; see also TEX. R. CIV. P. 166a(i).

Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion of a fact." *KMS Retail*, 593 S.W.3d at 181 (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)).

Here, the trial court's order does not specify upon which ground or grounds it granted summary judgment. Therefore, we will affirm if any of the grounds advanced by Rockwater are meritorious. *F.W. Indus., Inc. v. McKeehan*, 198 S.W.3d 217, 220 (Tex. App.—Eastland 2005, no pet.) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)); *see FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### III. *Analysis*

On appeal, West Inland contends that the trial court erred when it granted Rockwater's amended hybrid motion for summary judgment because Matthew Reed would purportedly testify—whether as an expert witness or lay opinion witness—as to certain mathematical calculations that may tend to show that the well ceased producing as a result of Rockwater's negligent well-treatment protocol. However, in its brief, West Inland does not allude to or specifically address the trial court's grant of summary judgment as to the claims it asserted against Rockwater for gross negligence and trespass.[1]

To establish a claim for negligence one must show that (1) a legal duty was owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *IHS Cedars Treatment Ctr. of DeSoto, Tex.,*

---

[1]To the extent that West Inland intended to challenge the trial court's grant of summary judgment as to those claims, they could be waived for inadequate briefing. *See* TEX. R. APP. P. 38.1(i). Nevertheless, for purposes of our review, because the element of causation was the focus of Rockwater's motion and West Inland's brief and because that element also applied as to the three causes of action that West Inland asserted against Rockwater in this case, it is plausible that West Inland's generic issue, i.e., that the trial court erred in granting summary judgment, could be construed to encompass West Inland's gross negligence and trespass claims. *See Plexchem Int'l, Inc. v. Harris Cty. Appraisal Dist.*, 922 S.W.2d 930, 930–31 (Tex. 1996) (citing *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)).

*Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001). These elements cannot be satisfied by mere conjecture, guess, or speculation. *IHS Cedars*, 143 S.W.3d at 798–99.

A. *Incompetent Evidence*

It is the basis of a witness's opinion, and not his qualifications or his bare opinion alone, that can establish an issue as a matter of law; that is, "a claim will not stand or fall on the mere *ipse dixit* of a credentialed witness." *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999) (citing *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726–27 (Tex. 1998)). "Expert opinions must be supported by facts in evidence, not conjecture." *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 729 (Tex. 2003). If no basis for an opinion is offered, or the basis that is offered provides no support, the opinion does not constitute probative evidence. *Gunn v. McCoy*, 554 S.W.3d 645, 662 (Tex. 2018). Further, if the record contains no evidence to support an expert's material factual assumptions, or if such assumptions are contrary to conclusively proven facts, opinion testimony founded on those assumptions cannot be competent evidence. *See id.*; *Houston Unlimited, Inc. Metal Processing v. Mel Acres Ranch*, 443 S.W.3d 820, 833 (Tex. 2014). In this case, West Inland contends that the expert opinions it *intended* to present from Reed, if offered, *would be* sufficient to defeat Rockwater's amended motion for summary judgment. We disagree.

*Schultz*, a personal injury case that required expert testimony in the field of accident reconstruction, is instructive. *See Schultz ex rel. Schultz v. Lone Star Rd. Constr., Ltd.*, 593 S.W.3d 750, 756 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). In that case, the trial court excluded an expert's testimony because the evidence was deemed to be incompetent—even though the expert conducted detailed accident reconstruction analysis involving "recognized and accepted standard engineering principles." *Id.*

In *Schultz*, the plaintiff's husband was a passenger in a pickup when a heavy projectile (a tow hook) smashed through the vehicle's windshield and severely injured him. *Id.* at 752. In response to the defendant's motion for summary judgment, the plaintiff's expert attested in an affidavit as to his opinion of what caused the accident, that is, who was responsible for the flying projectile. *Id.* at 755. He recited four equations in his affidavit that "represent[ed] the recognized standard equations used for describing an article in motion through the air." *Id.* at 756–57. The plaintiff's expert further stated that "[a]ll engineering and physics standards and practitioners" would confirm that these four equations were the correct tools to analyze and reconstruct the accident that was the subject of the case. *Id.* at 759 (alteration in original).

In reviewing the substance of the expert's affidavit, though the court did not question the expert's qualifications, it did note that the expert did not recite any of the calculations that he had used in his analysis, nor did he define any of the variables in the four equations. *Id.* Further, the court noted that the expert did not include in his affidavit several other calculations that were relevant to his ultimate conclusions regarding causation. *Id.* The *Schultz* court held: "On the face of the record, we can only conclude that [the expert's] opinion testimony that the Tow Hook traveled 45 feet from launch to impact is conclusory and speculative and thus incompetent evidence." *Id.* at 760 (citing *Houston Unlimited, Inc.*, 443 S.W.3d at 829–32).

The court in *Schultz* also dismissed the plaintiff's argument that, in the absence of a showing of other causes, when a possible cause of an accident is known to have been present, "it is a warrantable inference" that the known cause was the "operative agency in bringing about such result" because, in *Schultz*, there was no "absence of showing of other cause." *Id.* at 760 (quoting *English v. Miller*, 43 S.W.2d 642, 644 (Tex. App.—Amarillo 1931, writ ref'd)).

Here, even more so than in *Schultz*, Reed's purported expert opinions lack any basis beyond that of mere conjecture and speculation. *See id.*; *see also Burrow*, 997 S.W.2d at 235–36; *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991). In the summary judgment proceeding, both Rockwater and West Inland relied on the same excerpts from Reed's deposition testimony, in which Reed unequivocally conceded that he had not performed any of the necessary calculations that would allegedly support the four principles of physics that he and West Inland had proposed would establish the causation element of West Inland's negligence claim. As to each physics theory that he and West Inland advanced and to which they claimed could mathematically demonstrate that Rockwater's chemical treatment of the well caused and resulted in the well's damage and cessation in production—the hammer effect, the friction forces, the pressure change, and the Venturi effect—Reed clearly testified that he was not an expert on these topics,[2] that he had not performed any of the calculations that were related to these formulas, and that he would rely on a qualified expert to make these calculations.

At the summary judgment hearing, West Inland's counsel summarized West Inland's summary judgment evidence: "[A]s I understand it, all I have to do is show that I have experts that will prove [causation], not prove the element itself, and I do have such experts." Irrespective of counsel's representation to the trial court, the retention or designation of an expert is not itself evidence. *See Fort Brown Villas III Condo. Ass'n v. Gillenwater*, 285 S.W.3d 879, 881–83 (Tex. 2009). Furthermore, it is the basis and foundation of the expert's opinion, and not the expert's bare qualifications, that will resolve a disputed issue. *See Burrow*, 997 S.W.2d at 235.

---

[2]Reed and West Inland's counsel stated during Reed's deposition that anyone could perform the calculations that were involved in each formula; however, this representation does not contradict Reed's explicit testimony that he did not perform any of the necessary calculations, that he would rely upon a qualified expert to make these calculations, and that he (Reed) was not a qualified expert in this field. Further, West Inland points to no other evidence of causation other than Reed's conclusory testimony and the alleged application of the theory of res ipsa loquitor, which we discuss below.

The basis of Reed's proposed opinions is premised on principles of physics, expressed as mathematical formulas, which, according to West Inland, *may* demonstrate how Rockwater's treatment of the well caused damage to it. Even if Reed is qualified to testify as an expert on this issue—and we do not hold that he is—his bare assertions, without more, do not rise above the level of mere conjecture, guess, or speculation. Therefore, the theories advanced by West Inland and Reed constitute incompetent summary judgment evidence. *See Neely v. Union Carbide Corp.*, 619 S.W.3d 839, 854–55 (Tex. App.—Houston [14th Dist.] 2021, no pet. h.) (upholding summary judgment in part because expert witness's opinion depended on unsupported factual assumptions and unrevealed and unexplained calculations); *Schultz*, 593 S.W.3d at 761; *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 580–84 (Tex. 2006); *Burrow*, 997 S.W.2d at 235–36 (excluding as incompetent evidence expert's affidavit for lack of sufficient basis for his opinions); *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 712 (Tex. 1997) ("[T]o say that the expert's testimony is some evidence under our standard of review simply because the expert testified that the underlying technique or methodology supporting his or her opinion is generally accepted by the scientific community is putting the cart before the horse . . . . [A]n expert's bald assurance of validity is not enough."). In fact, Reed and West Inland have essentially conceded this to be the case. Because Reed's deposition testimony and proffered opinions constitute incompetent summary judgment evidence, we do not reach the question of his qualifications.[3]

---

[3]West Inland contends for the first time on appeal that Reed's deposition testimony may also be considered as lay opinion testimony. *See* TEX. R. EVID. 701. The capacity in which Reed could allegedly express an opinion, whether as an expert or a lay witness, does not affect the disposition of West Inland's appeal. Reed unequivocally testified, and it is undisputed, that he has not performed (and would not perform) any of the necessary formula calculations to support West Inland's claim that Rockwater's negligence caused the damage to the well. Further, West Inland has presented no evidence of causation as to any claim it has asserted against Rockwater.

Nevertheless, even assuming that Reed's assumptions could be characterized as competent summary judgment evidence, West Inland neither offered nor presented his assumptions and proposed opinions to the trial court for consideration. In fact, no formula calculations were performed by Reed, or anyone else, to substantiate the theories advanced by West Inland. West Inland's response to Rockwater's amended hybrid motion for summary judgment merely stated that West Inland *intended* to offer Reed's formula calculations in an effort to defeat Rockwater's motion. As such, what Reed *may* have concluded had he performed these formula calculations, in a summary judgment context, is tantamount to offering nothing at all. Because West Inland's assertions rested exclusively on a hypothetical result, i.e., the conclusory and speculative calculations that Reed never performed, it failed to present even a scintilla of evidence to controvert the basis of Rockwater's amended motion. Accordingly, we agree with Rockwater that West Inland did not produce any evidence to support the causation element of its asserted claims.

B. *Improper Designation*

In its brief, West Inland emphasized that Reed's deposition testimony was bolstered by his consultation with David Watson, a petroleum engineer, who West Inland had also designated as a potential testifying expert witness. However, West Inland's designation of Watson as an expert witness was untimely. West Inland filed its Amended Petition and Request for Disclosure on March 16, 2017. Rockwater filed its amended hybrid motion for summary judgment on March 11, 2019. West Inland thereafter filed its response to Rockwater's motion on June 5, 2019, and attached, as evidence, its amended disclosure responses and designation of expert witnesses. West Inland's amended disclosure responses identified and designated Reed as a testifying expert and stated that he would testify as to Rockwater's treatment of the well and how Rockwater's unauthorized conduct allegedly caused

the patch to come loose.[4]  Additionally, West Inland, in its amended disclosure responses, for the first time, designated Watson as a testifying expert and stated that he would testify "in accordance with the opinions of Mr. Reed."  At the summary judgment hearing, Rockwater objected to West Inland's designation of Watson as a testifying expert as untimely; it also filed a motion to exclude.[5]  West Inland ultimately conceded that Rockwater had filed its amended no-evidence motion for summary judgment after time for adequate discovery had elapsed—two years had passed from the date that West Inland had filed its initial request for disclosures with its amended petition until the date that Rockwater filed its amended hybrid motion for summary judgment.

Rule 166a(i) provides that a party may move for a no-evidence summary judgment "[a]fter adequate time for discovery."  TEX. R. CIV. P. 166a(i).  The discovery rules for the proper and timely designation of testifying experts, and the exclusionary provisions that apply should a party fail to do so, apply equally to trial and summary judgment proceedings.  *Gillenwater*, 285 S.W.3d at 881–83; *McKeehan*, 198 S.W.3d at 220–21 (citing *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d

---

[4]Rockwater does not challenge the timeliness of West Inland's designation of Reed.  Rather, it only challenges Reed's qualifications to express expert opinions and asserts that the content (or lack thereof) of his deposition testimony fails to raise more than a scintilla of evidence on causation.

[5]Rockwater's motion also sought to exclude Reed on the basis that he was not qualified to testify as an expert regarding the effect of the chemical treatment on the patch.  The trial court never expressly ruled on the motion to exclude but, rather, granted summary judgment against West Inland.  However, the trial court's order recites that, in granting summary judgment, it considered Rockwater's motion, West Inland's response to the motion, and Rockwater's reply to West Inland's response.

Moreover, the trial court's grant of summary judgment does not imply that it ruled on either Rockwater's objections or the motion to exclude.  *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018).  However, even in the absence of Rockwater's objections, the trial court could have granted summary judgment against West Inland if it found that West Inland's evidence did not create a genuine issue of material fact.  *Id.*  Indeed, our holding that Reed's deposition testimony constitutes incompetent summary judgment evidence constitutes a sufficient basis for the trial court to have granted either Rockwater's no-evidence motion for summary judgment or traditional motion for summary judgment because West Inland presented no competent evidence to raise a genuine issue of material fact regarding causation.

10

268 (Tex. App.—Austin 2002, pet. denied)). Furthermore, in a summary judgment setting, a "date certain" exists to designate expert witnesses. *McKeehan*, 198 S.W.3d at 221 (citing *Ersek*, 69 S.W.3d at 273). Therefore, we hold that West Inland's designation of Watson as a potential testifying expert was untimely. *See* TEX. R. CIV. P. 190.3, 195.2; *Gillenwater*, 285 S.W.3d at 881–83; *McKeehan*, 198 S.W.3d at 221.

Generally, under Rule 190.3, the default discovery control plan, discovery begins when the suit is filed and continues until "the earlier of 30 days before the date set for trial, or 9 months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery." *McKeehan*, 198 S.W.3d at 221; *see* TEX. R. CIV. P. 190.3(b)(1)(B). Unless otherwise ordered by the court, a party seeking affirmative relief must designate all testifying experts no later than ninety days before the end of the applicable discovery period. TEX. R. CIV. P. 195.2(a); *see McKeehan*, 198 S.W.3d at 221. A party who fails to make, amend, or supplement a discovery response in a timely manner, including a required disclosure, may not introduce into evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party to the proceeding) who was not timely identified, unless the trial court determines: (1) that there was good cause for the failure to comply with designation requirements or (2) that such failure will not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a). The party who seeks to avoid the exclusion of evidence or witness testimony shoulders the burden to establish that good cause or the lack of unfair surprise or unfair prejudice exists to justify its admission. TEX. R. CIV. P. 193.6(b); *see Gillenwater*, 285 S.W.3d at 881; *McKeehan*, 198 S.W.3d at 221.

In this case, West Inland conceded, and we agree, that adequate time for discovery had passed when Rockwater filed its amended hybrid motion for summary

11

judgment. Further, West Inland did not offer any reasons to either explain or justify its failure to timely designate Watson as a testifying expert. Therefore, because West Inland failed to satisfy its required burden under Rule 193.6(b), West Inland would be precluded from offering any opinions or other testimony from Watson to controvert the basis of Rockwater's amended motion. *See Gillenwater*, 285 S.W.3d at 881–83; *McKeehan*, 198 S.W.3d at 221.

Importantly, as it did with Reed, West Inland failed to either offer or to present to the trial court for its consideration any testimony, affidavit, or other form of admissible evidence from Watson to dispute the basis of Rockwater's amended motion. West Inland's designation in its amended disclosure responses, which was submitted as an attachment to its response to Rockwater's amended motion, simply stated that Watson would testify "in accordance with the opinions of Mr. Reed." As such, West Inland contends that this recitation was equivalent to an adoption of Reed's testimony. Nevertheless, even if Watson had offered any opinion, the trial court could not have considered it because of West Inland's untimely designation of Watson. *See Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 10–14 (Tex. App.—Austin 2005, no pet.) (The trial court granted movant's motion to strike the affidavit of the late-designated expert and held that, "even if the party knows the substance of the witness's opinions, the non-designated witness should not be permitted to testify because the party is not on notice that the witness will be called and, thus, cannot adequately prepare." (citing *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992))); *Ersek*, 69 S.W.3d at 274. Moreover, like Reed, what Watson *might have* opined or concluded is of no consequence and does not constitute even a scintilla of evidence to controvert the basis of Rockwater's amended motion.

C. *Res Ipsa Loquitor*

West Inland next contends that the doctrine of *res ipsa loquitor* is applicable here. Res ipsa loquitor—"the thing speaks for itself"—applies when (1) the character of the accident, or the injury, is a type that would not ordinarily occur in the absence of negligence and (2) the instrumentality causing the injury was under the defendant's management and control. *Parker v. Three Rivers Flying Serv., Inc.*, 220 S.W.3d 160, 167–68 (Tex. App.—Eastland 2007, no pet.) (citing *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990)). Res ipsa loquitor is not a separate or independent cause of action; rather, it is a rule of evidence by which negligence may be inferred by the jury. *Id.*

In support of this argument, West Inland posits (1) that the water and chemicals that were used to treat the well were under Rockwater's exclusive control and (2) that the well ceased producing approximately three days after Rockwater chemically treated the well. According to West Inland, because the well had been producing steadily since it was patched in 2014, there could be no other reasonable cause for the well's failure "other than the unauthorized treatment [performed by Rockwater]." Nevertheless, West Inland's assertion does not mean that the claimed injury (the well ceasing to produce) is a type that does not ordinarily occur in the absence of negligence. In fact, as Rockwater points out, the well's casing leaked in 2014, necessitating the application of the patch at issue in this case. In that instance, no claim of negligence was alleged by West Inland against Rockwater. Nor has West Inland presented any evidence that the alleged damage to the patch itself was in fact the reason for the cessation of the well's production. As such, West Inland failed to carry its burden to show that the claimed injury to the well is a type that would not ordinarily occur in the absence of negligence. *See Aguilar v. Trujillo*, 162 S.W.3d 839, 850 (Tex. App.—El Paso 2005, pet. denied).

13

Furthermore, West Inland's reliance on the evidentiary doctrine of res ipsa loquitor is misplaced for other reasons. Here, the basis for West Inland's reliance on this doctrine rests exclusively upon an allegation that has no evidentiary support. A bare assertion, without more, will not trigger this doctrine's application. Moreover, because we have concluded that West Inland's negligence claim fails as a matter of law because no summary judgment evidence of causation was produced, any reliance by West Inland on the res ipsa loquitor doctrine would also fail.

D. *Gross Negligence/Trespass*

As we have said, West Inland's negligence claim fails for lack of causation. As such, West Inland's inability to prevail on this claim would necessarily preclude any recovery for gross negligence. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998); *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993).

Similarly, West Inland cannot establish causation in relation to the damages it seeks against Rockwater for trespass. To recover on this theory, the damages sought must be caused by the trespass. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 921 (Tex. 2013); *Schievink v. Wendylou Ranch, Inc.*, 227 S.W.3d 862, 865 (Tex. App.—Eastland 2007, pet, denied). Consequently, because no evidence of causation was produced, West Inland's claim for trespass also fails.

E. *Conclusion*

Based on the record before us, we hold that the trial court did not err when it granted Rockwater's amended motion for summary judgment. Accordingly, we overrule West Inland's first and second issues on appeal. *See Lightning Oil*, 520 S.W.3d at 45; *Ridgway*, 135 S.W.3d at 600; *McKeehan*, 198 S.W.3d at 220.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER

JUSTICE

June 4, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.